This is an action by an aged widow who could not read or write, to recover of defendant $4,000 and interest from 1 July, 1930.
The following judgment was rendered on the verdict in the court below: "This cause coming on to be heard before his Honor, Judge H. Hoyle Sink, judge presiding, and a jury at the November Term, 1931, of the Superior Court of Henderson County, the following issues were submitted to the jury and answered as therein set out, to wit: (1) Was A. O. Jones, cashier of the First Bank and Trust Company at East Flat Rock, authorized by the defendant to solicit applications for stock in its association, and collect dues and act as its duly authorized agent as alleged in the complaint? Answer: Yes. (2) Did the plaintiff, Jane Tabor, authorize or instruct A. O. Jones to convert her Building and Loan stock and buy for her a certificate of deposit in the First Bank and Trust Company? Answer: No. (3) In what amount, if anything, is the plaintiff entitled to recover? Answer: $4,000, with interest from 20 February, 1930, at 5 per cent, less any interest payments made since that time. It is therefore ordered, adjudged and decreed that the plaintiff, Jane Tabor, have and recover of the defendant, Laborers Building and Loan Association the sum of four thousand dollars ($4,000) with interest thereon at 5 per cent from 20 February, 1930, less any interest payments in the sum of $150.00 made to plaintiff, Jane Tabor, since 20 February, 1930, until paid, together with the costs of this action to be taxed by the clerk. It is further ordered and adjudged that execution issue for the satisfaction of said debt, interest and costs."
From a careful reading of the record and the able briefs of the litigants, we can see no prejudicial or reversible error in the trial of this action in the court below. We think the evidence was of sufficient probative force to have been submitted to the jury, to support the issues which were submitted and the issues were material and determinative of the controversy. We see no error in law in the trial in the court below. The matter was one of fact for the jury to decide. In the judgment we find
No error. *Page 843